Phyllis A. ROGERS

v.

**ADDISON–WESLEY PUBLISHING COMPANY, INC.**

**Civ. No. C82–2184.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 30, 1983.

John Walton Henderson, Jr., Moffett & Henderson, Atlanta, Ga., for plaintiff.

John H. Feldmann III, Philip L. Ross, Severson, Werson, Berke & Melchior, San Francisco, Cal., for defendant.

### ORDER

ORINDA D. EVANS, District Judge.

This employment discrimination case, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* is before the Court on the Defendant's motion for partial summary judgment and on the Defendant's motion for reconsideration of an award of attorneys' fees and expenses to the Plaintiff.

The Plaintiff, Phyllis A. Rogers, worked as a Southeast Region sales representative for the Defendant, Addison-Wesley Publishing Company, Inc. (Addison-Wesley), from 1975 to 1980.  When she was discharged in

1980, she filed a charge of sex discrimination with the Equal Employment Opportunity Commission (EEOC) and subsequently filed this complaint. She alleges that Addison-Wesley pays salesmen a larger base salary than saleswomen and computes the severance pay of discharged salesmen at a higher rate than the severance pay of discharged saleswomen; that Addison-Wesley did not promote her and compensate her on the same terms as her male counterparts; or offer her the same employment privileges; and that Addison-Wesley discharged her because of her sex, even though she had a better sales record than some salesmen. She has requested that Addison-Wesley be enjoined to reinstate her and to refrain from discriminating against her and be required to pay her the difference between her salary and that of her male counterparts for the time she was employed, plus the backpay and benefits she would have received from the date of her discharge to the date of her reinstatement, with interest, and her attorneys' fees, expenses, and costs.

During the discovery period, Ms. Rogers answered Addison-Wesley's interrogatories and submitted to Addison-Wesley's deposition. She did not initiate her own discovery, however, until the last two weeks of the discovery period. Addison-Wesley objected to her discovery requests on the ground that it had insufficient time to comply before the discovery period ended. Accordingly, Ms. Rogers filed a motion to extend the time for taking discovery and a motion to compel Addison-Wesley's compliance with discovery. Addison-Wesley then presented substantive objections to her discovery requests. The Court extended the discovery period to July 27, 1983. After reviewing Addison-Wesley's objections to discovery, the Court found all but two to be without merit and found that Addison-Wesley's opposition had not been substantially justified. The Court awarded Ms. Rogers the reasonable expenses, including attorneys' fees, she had incurred to obtain the order compelling discovery.

Ms. Rogers's counsel has now submitted an affidavit of fees and expenses. Addison-Wesley moves for reconsideration of the award of attorneys' fees and expenses and objects to the affidavit's listing of fees for the preparation of a response to the motion for reconsideration.

### 1. Motion for Reconsideration

■ Addison-Wesley contends that Ms. Rogers never attempted to discuss the company's substantive objections to her discovery requests before she filed a motion to compel discovery. Local Rule 91.62 requires parties to confer on disagreements about discovery in an attempt to reconcile their differences. The affidavits of Addison-Wesley's counsel, Mr. Ross, and Ms. Rogers's counsel, Mr. Henderson, suggest that this argument carries little substance. Mr. Ross and Mr. Henderson had a telephone conversation before the Court extended the time for discovery and ruled on Ms. Rogers's motion to compel. Mr. Henderson alleges that, in that conversation "[he] expressly stated that he was calling in order to comply with the Local Rule." He asked if Addison-Wesley intended to turn over to Ms. Rogers the documents she had requested. Mr. Ross replied that Addison-Wesley took the position that the request was untimely. Mr. Henderson then ended the conversation because he felt "there was no reason to continue [it]." Mr. Henderson's actions can not be faulted, and the Court finds that he complied with Local Rule 91.62.

Addison-Wesley also argues that its timeliness objections were substantially justified because courts have denied discovery pursuant to requests proffered at the end of the discovery period. *Ashland Oil, Inc. v. Delta Oil Products Corp.,* 29 F.R.Serv.2d 1158 (E.D.Wis.1980); *Feir v. Carabetta Enterprises, Inc.,* 459 F.Supp. 841 (D.Conn.1978). Neither of these cases, though, parallels this case. In *Ashland,* the party seeking discovery had already accomplished substantial discovery over a four-year period. The Court denied discovery pursuant to interrogatories sent three days before discovery ended and received after discovery ended. In *Feir,* the party seeking discovery, after securing an extension of the discovery peri-

od and of the time for filing an affidavit based on that discovery, failed to send out interrogatories until two days before the affidavit was due. Here Addison-Wesley received notice that it would be required to produce documents thirteen days before the end of the discovery period and received the requests themselves a week later. Yet it made no effort to accommodate those requests, even though Ms. Rogers had not engaged in any prior discovery. It took the position that, because it doubted it could fully respond before the discovery period ended, it would not attempt to respond at all. This can not be construed as a good-faith effort to cooperate with Ms. Rogers.

Addison-Wesley also expresses a lack of comprehension of how its substantive objections were improper. Like its timeliness objection, those substantive objections evinced an intent to stonewall rather than to cooperate reasonably by making at least a partial effort to honor Ms. Rogers's discovery requests. If Addison-Wesley felt the parameters of those requests were vague or overbroad, this was no excuse for not trying to clarify with Ms. Rogers the scope of the requests or, alternatively, for not furnishing documents that would reasonably be deemed within the scope of the requests.

Because the Court adheres to its view that Addison-Wesley's opposition to Ms. Rogers's discovery requests was not substantially justified, it declines to reverse its award of expenses and attorneys' fees. The Court finds that the fees and expenses listed in the affidavit of Ms. Rogers's counsel are reasonable and therefore orders Addison-Wesley to reimburse Ms. Rogers in the amount of $479.54.

### 2. Partial Opposition to Affidavit

The affidavit of Ms. Rogers's counsel includes a statement of fees and expenses in the preparation of a response to Addison-Wesley's motion for reconsideration. Addison-Wesley argues that these expenses are not compensable because they were not incurred in obtaining the order compelling production of requested docu-

ments. From Ms. Rogers's pleadings, the Court assumes that the affidavit presents these expenses to support a new request for an additional award of expenses in responding to Addison-Wesley's current motion. The Court has discretion to make such an award, but in this case the Court finds that it would not be appropriate to tax Addison-Wesley with Ms. Rogers's expenses in responding to the motion for reconsideration. The award of expenses and fees incurred in obtaining a discovery order is intended to reimburse a party who seeks to advance the litigation by compelling his opponent to submit to valid discovery. Addison-Wesley's motion for reconsideration did not oppose the Court's discovery order, however, and Ms. Rogers's response was not intended to preserve the force of that order. The sole point of contention at this stage is whether attorneys' fees and expenses must be paid. Ms. Rogers's interest in recovering these expenses motivated her to file a response to Addison-Wesley's motion for reconsideration. This response was not necessary to defend the Court's order compelling discovery, and Addison-Wesley should not be taxed with Ms. Rogers's defense of the award of expenses to her, since in general litigants bear themselves the expenses of defending their own interests. The Court therefore, declines to award Ms. Rogers the amount of $187.50 expended in preparing a response to Addison-Wesley's motion for reconsideration.

### 3. Motion for Partial Summary Judgment

Addison-Wesley has moved for summary judgment with respect to five issues. The Court discusses them in turn. First, Addison-Wesley argues that Ms. Rogers has provided no factual basis for her claims that the company has a pattern or practice of paying saleswomen less than salesmen and of paying discharged saleswomen less severance pay than discharged salesmen. Although because of Ms. Rogers's belated discovery she has not adduced factual evidence to support these claims, she is under no obligation to do so in advance of trial. For Addison-Wesley to prevail on its motion for

summary judgment with respect to these claims, the company would have to offer factual evidence sufficient to convince the Court that there is no genuine factual issue as to disparities in the pay of salesmen and saleswomen. Fed.R.Civ.P. 56(c). Addison-Wesley has not supported its motion with evidence, however, and the Court declines to grant it summary judgment on these claims.

Next, the company contends that it is entitled to summary judgment on Ms. Rogers's promotion claim because she did not raise that claim before the EEOC and the Commission did not investigate it, and because she has not made out a *prima facie* case of discrimination in promotion. Ms. Rogers's failure to make out a *prima facie* case in advance of trial is not a basis for entering summary judgment against her. The Court agrees, though, that she may not now assert her claim of discrimination in promotion because she did not raise it before the EEOC, it did not form part of the EEOC investigation, and the Court could not reasonably expect it to do so. Accordingly, the Court dismisses Ms. Rogers's claim that Addison-Wesley discriminated against her with regard to promotion.

Fourth, Addison-Wesley seeks a declaration that Ms. Rogers can recover backpay for a period beginning, at the earliest, two years before she filed her charge of discrimination with the EEOC. The Court fails to see the utility of such a declaration, since the period during which backpay is available is defined by statute, 42 U.S.C. § 2000e–5(g), and in any case Ms. Rogers's entitlement to backpay has not been established. The Court, therefore, declines to grant Addison-Wesley summary judgment on this issue.

Finally, the company argues that Ms. Rogers's decision to go into business for herself rather than to pursue another sales job was not a reasonable attempt to mitigate damages, and any backpay award should be reduced by what she could have earned by remaining in a job she had secured as a saleswoman. The basis for Addison-Wesley's argument is 42 U.S.C. § 2000e–5(g) (1976), which provides, "Interim earnings or amounts earnable with reasonable diligence by the person ... discriminated against shall operate to reduce the back pay otherwise allowable." Addison-Wesley observes that Ms. Rogers started her own business when she was discharged, and later began working as a saleswoman for an insurance company, but abandoned her sales job because it interfered with the management of her business. The Court does not find it appropriate at this time to rule on whether any backpay award to Ms. Rogers should be reduced for failure to mitigate damages. As noted above, Ms. Rogers's entitlement to backpay has not been established. Furthermore, on the evidence available, the Court can not say that Ms. Rogers's post-discharge employment decisions were so unreasonable that her recovery of damages should be reduced. Accordingly, the Court declines to grant Addison-Wesley summary judgment on this issue.

For these reasons, the Court GRANTS the Defendant's motion for reconsideration and ORDERS that the Defendant reimburse the Plaintiff in the amount of $479.54 for expenses incurred in obtaining the Court's discovery order of July 1, 1983. The Court DENIES the Plaintiff's request for an award of expenses in the amount of $187.50 in responding to the Defendant's motion for reconsideration. The Court DISMISSES the Plaintiff's claim that the Defendant discriminated against her with regard to promotion and DENIES in every other respect the Defendant's motion for partial summary judgment.